AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court



### for the
### Western District of New York

**United States of America**

**v.**

Case No. 17-M-5112

**Kevin Myszka**

*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Between on or about November 3, 2016, and on or about December 3, 2016, in the County of Erie, in the Western District of New York, the defendant did knowingly, intentionally, and unlawfully possess with the intent to distribute, and distributed, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

This Criminal Complaint is based on these facts:

☒   Continued on the attached sheet.

*Complainant's signature*

ANTHONY J. CASULLO, JR.
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 17, 2017

*Judge's signature*

City and State:   Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

STATE OF NEW YORK    )
COUNTY OF ERIE        )    SS:
CITY OF BUFFALO      )

ANTHONY J. CASULLO, JR., Special Agent (SA) of the Drug Enforcement Administration (DEA), United States Department of Justice, Buffalo, New York, having been duly sworn, states:

## BACKGROUND

1.      I am a Special Agent employed by the DEA and as such, am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.      I have been employed as a Special Agent of the DEA since July of 1999 and have received training in the area of narcotics investigation from the DEA Training Academy in Quantico, VA, and have attended other trainings provided during my employment.   During my law enforcement duties, I have conducted or assisted in investigations involving the illegal possession, sale, and other disposition of controlled substances including, cocaine, cocaine base, heroin, fentanyl, methamphetamine, prescription drugs, and marijuana, by individuals engaged in drug trafficking related

offenses. I also have conducted or participated in surveillance, undercover transactions, the introduction of undercover agents, the execution of search warrants, debriefings of informants, witness interviews, and reviewed taped conversations and/or court-authorized intercepted communications, and records related to drug-trafficking activities. Based on my training, education, and experience, I have become familiar with the ways in which individuals engaging in drug-trafficking operate, including how illegal drugs are transported, stored, and distributed, how payment is made for those drugs, and how members of drug distribution networks use cellular telephones and other personal communication devices to further their unlawful activities. I have directed investigations as a case agent that involved monitoring and recording of court-authorized Title III interceptions, have been the Affiant on wiretap applications that have resulted in court-authorization to intercept communications and have been the Affiant on numerous federal search warrants and criminal complaints.

3.      As a result of working on this case with other Special Agents and Task Force Officers of the DEA, and other law enforcement agencies, including the Amherst Police Department (APD), I am familiar with the circumstances of the offenses described in this Affidavit. Your Affiant is fully familiar with the facts and circumstances set forth as a result of my participation in this investigation, and review of information provided by other law enforcement officers, including, but not limited to, evidence obtained during this investigation, and conversations with a confidential source. My investigative experience, and that of other law enforcement officers participating in this investigation, serves as the basis for the opinions and conclusions set forth herein. As it is my purpose to obtain a

2

Criminal Complaint for which only probable cause is required, I have not included each and every fact learned during the investigation to date.

4.      For the following reasons, your Affiant submits that there is probable cause to believe that Kevin MYSZKA, hereinafter referred to as MYSZKA, did knowingly, intentionally, and unlawfully possess with the intent to distribute, and distributed, cocaine, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## FACTUAL BASIS

5.      In October of 2016, DEA Buffalo Resident Office Task Force Agents and the APD initiated an investigation into a cocaine distribution organization operating in Amherst, New York.  During the course of this investigation, your Affiant, along with other Agents, identified MYSZKA as a member of this organization.

6.      Utilizing various investigative techniques, Agents corroborated the information provided by a confidential source (hereinafter "CS-1"), and determined, in fact, that MYSZKA participated in a drug trafficking organization that is responsible for the distribution of cocaine to a network of customers.

### Confidential Source Controlled Buy – November 3, 2016

7.      On November 3, 2016, DEA Buffalo Resident Office (BRO) Agents met CS-1 for the purpose of conducting, while under the direction and control of Agents, a controlled

purchase of cocaine from MYSZKA. CS-1 advised that CS-1 would need $3,200 in U.S. currency to purchase two (2) ounces of cocaine from MYSZKA. In addition, MYSZKA confirmed to CS-1 that CS-1 should meet MYSZKA at MYSZKA's residence for the purchase of the cocaine.

8.    On that date, DEA BRO Agents searched CS-1 and CS-1's vehicle for weapons and contraband, with negative results. Agents equipped CS-1 with a concealed recording device and provided CS-1 with DEA Official Advanced Funds (OAF) to purchase the cocaine from MYSZKA. Agents then observed CS-1 travel to 433 N. Rockingham Way, Amherst, New York to meet MYSZKA for the transaction.

9.    CS-1 advised that upon arriving at 433 N. Rockingham Way, Amherst, New York, CS-1 entered the residence and met MYSZKA. This location is known through this investigation to be MYSZKA's residence. After CS-1 entered the residence, MYSZKA, while in the residence's kitchen, used a scale to weigh the cocaine before selling the cocaine to CS-1. CS-1 purchased two (2) ounces of cocaine from MYSZKA in exchange for $3,200 in DEA OAF.

10.    Following CS-1's departure from MYSZKA's residence, DEA BRO Agents followed CS-1 and met CS-1 at a neutral location. Upon Agents meeting CS-1, CS-1 turned over the concealed recording device and the approximate two (2) ounces of cocaine purchased from MYSZKA. DEA BRO Agents searched both CS-1 and CS-1's vehicle for weapons and contraband, with negative results. DEA BRO Agents also field-tested the

seized cocaine, which resulted in the presence of cocaine, and sent the seized cocaine to the DEA Laboratory for safekeeping and analysis.

### Confidential Source Controlled Buy – December 1, 2016

11.    On December 1, 2016, DEA BRO Agents met CS-1 for the purpose of conducting, while under the direction and control of Agents, a controlled purchase of cocaine from MYSZKA.  CS-1 advised that CS-1 would need $3,200 in U.S. currency to purchase two (2) ounces of cocaine from MYSZKA.

12.    On that date, DEA BRO Agents searched CS-1 and CS-1's vehicle for weapons and contraband, with negative results.  Agents equipped CS-1 with a concealed recording device and provided CS-1 with DEA OAF to purchase the cocaine from MYSZKA.  Agents then observed CS-1 travel to a pre-determined meeting location and met with MYSZKA.

13.    CS-1 advised that upon arriving at the meeting location, MYSZKA entered the front passenger side of CS-1's vehicle.  After entering the vehicle, MYSZKA asked CS-1 if CS-1 was a cop, which CS-1 denied.  Subsequently, CS-1 purchased two (2) ounces of cocaine from MYSZKA in exchange for $3,200 in DEA OAF.

14.    Following MYSZKA's departure from CS-1's vehicle, DEA BRO Agents followed CS-1 and met CS-1 at a neutral location.  Upon Agents meeting with CS-1, CS-1 turned over the concealed recording device and the approximate two (2) ounces of cocaine

purchased from MYSZKA. DEA BRO Agents searched both CS-1 and CS-1's vehicle for weapons and contraband, with negative results. DEA BRO Agents also field-tested the seized cocaine, which resulted in the presence of cocaine, and sent the seized cocaine to the DEA Laboratory for safekeeping and analysis.

### Attempted Confidential Source Controlled Buy – January of 2017

15.     In January of 2017, DEA BRO Agents communicated with CS-1 in an attempt to purchase approximately 4.5 ounces of cocaine from MYSZKA. During this time, CS-1 contacted MYSZKA to formulate plans for the purchase of cocaine from MYSZKA cocaine buy. MYSZKA informed CS-1 that CS-1 would need to provide (i.e., "front") MYSZKA with the money prior to delivery of the 4.5 ounces of cocaine.

16.     It should be noted that "fronting the money" is against DEA policy when completing a controlled purchase of evidence by utilizing a confidential source. Under the direction and control of DEA BRO Agents, CS-1 continued to negotiate with MYSZKA, but CS-1 and MYSZKA could not agree on an amount and/or price. At that time, the DEA Group Supervisor decided to terminate this attempted controlled purchase from MYSKZA.

17.     Based on your Affiant's training, knowledge, experience, and information obtained during the course of this investigation, including the seizures of cocaine, your Affiant finds that these reasons support the fact that KEVIN MYSZKA possessed with the intent to distribute, and distributed, cocaine.

6

WHEREFORE, based on the foregoing, I submit that there is probable cause to believe that between on or about November 3, 2016, and on or about December 1, 2016, KEVIN MYSZKA did knowingly, intentionally, and unlawfully possessed with the intent to distribute, and distributed, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).


ANTHONY J. CASULLO, JR.
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION


Sworn to before me this

17th day of January, 2017.


HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE